# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20674

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2018

Lyle W. Cayce
Clerk

NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY,
LIMITED; NORTH CYPRESS MEDICAL CENTER OPERATING
COMPANY GP, L.L.C.,

Plaintiffs–Appellees Cross-Appellants

v.

AETNA LIFE INSURANCE COMPANY,

Defendant–Appellant Cross-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-359

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

We previously remanded to allow the district court to explain its denial of attorney fees to NCMC. *See N. Cypress Med. Ctr. Operating Co., Ltd v. Aetna Life Ins. Co.*, 898 F.3d 461, 485–86 (5th Cir. 2018). This limited remand rested on the rule that "[a] district court must explain its decision to deny fees." *Leipzig v. Principle Life Ins. Co.*, 481 F. App'x 865, 872 (5th Cir. 2010) (citing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20674

*CenterPoint Energy Hous. Elec. LLC v. Harris Cnty. Toll Rd. Auth.*, 436 F.3d 541, 550–51 (5th Cir. 2006)). The district court promptly responded.

In its order on remand, the district court correctly noted "[i]t is the ERISA claim that gives rise to NCMC's claim for attorneys' fees." *N. Cypress Med. Ctr. Operating Co., Ltd v. Aetna Life Ins. Co.*, No. 4:13–CV–359, slip op. at 1 (S.D. Tex. Sept. 6, 2018) (citing 29 U.S.C. § 1132(g)(1)). It then reasoned that because it dismissed NCMC's ERISA claims—and because a jury found against NCMC on its only remaining claims—attorney fees under § 1132(g)(1) "would be inappropriate." *Id.*

We have generally said a district court deciding whether to award fees under § 1132(g)(1) should consider the five factors articulated in *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). *See, e.g.*, *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1458 (5th Cir. 1995). But the Supreme Court requires that a claimant "show 'some degree of success on the merits' before a court may award fees." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). "A claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory." *Id.* (cleaned up). The district court therefore did not abuse its discretion in concluding, as explained on remand, that attorney fees were not available to NCMC under ERISA because its only claims under that statute were dismissed.

We AFFIRM.

2